Case No.

**RECEIVED**
NOV 14 2007

U. S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**FILED**
NOV 14 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**CV 07    5775**

HERNAN O'RYAN CASTRO,

E-filing

    Petitioner,

v.

ROBERT E. McFADDEN,
   Western Regional Director,
   Federal Bureau of Prisons,

    Respondent.

(PR)

EXHIBITS IN SUPPORT OF PETITION FOR WRIT OF
HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241
BY A PERSON IN FEDERAL CUSTODY

Hernan O'Ryan Castro
Reg. No. 73026-011
Taylor Street Center
111 Taylor Street
San Francisco, CA 94102

**In Pro Se**

INDEX OF EXHIBITS

EXHIBIT A : JUDGMENT IN CRIMINAL CASE

EXHIBIT B : SENTENCE COMPUTATION MONITORING DATA

EXHIBIT C : RESIDENTIAL DRUG ABUSE PROGRAM NOTICE TO INMATE

EXHIBIT D : AGREEMENT TO PARTICIPATE IN COMMUNITY TRANSITIONAL
            PROGRAMMING

EXHIBIT E : COMMUNITY BASED PROGRAM AGREEMENT

AO 245 S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

# United States District Court

Southern District of Georgia

Certified as a true copy on
This Date: JUL 15 1992
By _____ Clerk
(X) Deputy

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| Hernan O'Ryan Castro | Case Number: CR491-142-03 |
| (Name of Defendant) | Mark Jenkins and Pomeroy Williams |
| | Defendant's Attorney |

THE DEFENDANT:

☐ pleaded guilty to count(s) _____
☒ was found guilty on count(s) ___1 and 2___ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21: 846 | Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine | 07-30-91 | 1 |
| 21: 960 and 963 | Conspiracy to Import into the U.S. from Outside Territorial Limits thereof, Multi-kilo Quantities of Cocaine Hydrochloride | 07-30-91 | 2 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____ and is discharged as to such count(s).
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.
☒ It is ordered that the defendant shall pay a special assessment of $ __100.00__, for count(s) __1 and 2__, which shall be due ☒ immediately ☐ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 04-10-55

Defendant's Mailing Address:
5 Santa Ana Avenue
Daly City, California 94015

Defendant's Residence Address:
U.S. Bureau of Prisons

July 10, 1992
Date of Imposition of Sentence

Signature of Judicial Officer

Honorable John F. Nangle
United States District Judge
Name & Title of Judicial Officer

JULY 14, 1992
Date


Exhibit A


30

AO 245 S (Rev. 4/90) Sheet 2 - Imprisonment

Defendant: Hernan O'Ryan Castro
Case Number: CR491-142-03

Judgment—Page 2 of 4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ~~240 months as to each of Counts 1 and 2, to be served concurrently.~~

☒ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be allowed to serve his period of incarceration at either FCI Lompoc, CA, FCI Terminal Island, CA, or FCI Pleasanton, CA.

☒ The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district,
  ☐ at _____ a.m. / p.m. on _____.
  ☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States marshal.
  ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on 08-07-1992 to Federal Correctional Institution Terminal Island at San Pedro, California _____, with a certified copy of this judgment.

Mark A. Henry, Warden
~~XXXXXXXXXXXXXXXXX~~
By J.K. Johnson, Legal Technician
~~XXXXXXXXXX~~
~~Deputy Marshal~~
XXXXXXXXXX

31

```
  LVNV9  540*23 *           SENTENCE MONITORING            *      10-22-2007
  PAGE 001       *           COMPUTATION DATA              *      15:16:32
                              AS OF 10-22-2007

 REGNO..: 73026-011 NAME: CASTRO, HERNAN O'RYAN


 FBI NO............: 811194DA9       DATE OF BIRTH: 04-10-1955
 ARS1..............: LVN/A-DES
 UNIT..............: CMP B2          QUARTERS.....: F04-023L
 DETAINERS.........: NO              NOTIFICATIONS: NO

 PRE-RELEASE PREPARATION DATE: 11-10-2007

 THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
 THE INMATE IS PROJECTED FOR RELEASE:  05-10-2008 VIA 3621E CMPL

 -----------------------CURRENT JUDGMENT/WARRANT NO: 020 -----------------------

 COURT OF JURISDICTION............: GEORGIA, SOUTHERN
 DOCKET NUMBER....................: CR-94-142-03
 JUDGE............................: NANGLE
 DATE SENTENCED/PROBATION IMPOSED: 07-10-1992
 DATE COMMITTED...................: 08-07-1992
 HOW COMMITTED....................: US DISTRICT COURT COMMITMENT
 PROBATION IMPOSED................: NO

                FELONY ASSESS  MISDMNR ASSESS   FINES            COSTS
 NON-COMMITTED.: $100.00        $00.00          $00.00           $00.00

 RESTITUTION...: PROPERTY:  NO   SERVICES:  NO       AMOUNT: $00.00

 ------------------------CURRENT OBLIGATION NO: 010 ----------------------------
 OFFENSE CODE....:  391
 OFF/CHG: IN VIOLATION OF TITLE 21 USC 846; CONSPIRACY TO POSSESS
          W/INTENT TO DISTRIBUTE AND DISTRIBUTION OF COCAINE. IN
          VIOLATION OF TITLE 21 USC 960 AND 963; CONSPIRACY TO IMPORT
          INTO THE U.S. FROM OUTSIDE TERRITORIAL LIMITS THEREOF, MULTI-
          KILO QUANTITIES OF COCAINE HYDROCHLORIDE.

  SENTENCE PROCEDURE..............: 3559 SRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   240 MONTHS
  TERM OF SUPERVISION.............:    10 YEARS
  DATE OF OFFENSE.................: 07-31-1991




  G0002       MORE PAGES TO FOLLOW . . .
```

*Exhibit B*

```
LVNV9   540*23  *         SENTENCE MONITORING          *      10-22-2007
PAGE 002 OF 002 *          COMPUTATION DATA            *      15:16:32
                          AS OF 10-22-2007

REGNO..: 73026-011 NAME: CASTRO, HERNAN O'RYAN


-----------------------CURRENT COMPUTATION NO: 020 -----------------------

COMPUTATION 020 WAS LAST UPDATED ON 08-22-2007 AT LVN AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

DATE COMPUTATION BEGAN..........: 07-10-1992
TOTAL TERM IN EFFECT............:   240 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    20 YEARS
EARLIEST DATE OF OFFENSE........: 07-31-1991

JAIL CREDIT.....................:     FROM DATE     THRU DATE
                                      08-05-1991    07-09-1992

TOTAL PRIOR CREDIT TIME.........: 340
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 941
TOTAL GCT EARNED................: 864
STATUTORY RELEASE DATE PROJECTED: 01-05-2009
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 08-04-2011


PROJECTED SATISFACTION DATE.....: 05-10-2008
PROJECTED SATISFACTION METHOD...: 3621E CMPL

REMARKS.......: THE COURT RECOMMENDS THAT THE DEFENDANT BE ALLOWED TO SERVE
                HIS PERIOD OF INCARCERATION AT EITHER FCI LOMPOC, FCI TERMINAL
                ISLAND, OR FCI PLEASANTON, CALIFORNIA.




G0000         TRANSACTION SUCCESSFULLY COMPLETED
```

BP-S761.055 **RESIDENTIAL DRUG ABUSE PROGRAM NOTICE TO INMATE**  CDFRM
JAN 04
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| To: CASTRO, HERNAN O'RYAN | Reg No.: 73026-011 |
|---|---|
| From: E. DE SILVA  *E De Silva* (signature) | Institution: TAFT CORRECTIONAL INSTITUTION |
| Title: DAPC | Date: 5-11-2005 |

**SECTION 1 - RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION**

You have requested participation in the Bureau's Residential Drug Abuse Treatment Program. My review of your case indicates that you ( _x_ **DO** _____**DO NOT**) meet the admission's criteria for the Residential Drug Abuse Program. It appears that you ( _x_ **DO** _____**DO NOT**) qualify to participate in the Residential Program. State the reason(s) below.

Comments:

**SECTION 2 - PROVISIONAL § 3621 (E) ELIGIBILITY** (To be completed only if the inmate has completed or qualifies for the Residential Drug Abuse Treatment Program.)

For Residential Drug Abuse Treatment Program graduates to be eligible for early release, they must (DAPC must "x")

| _x_ Not be an INS detainee. | _x_ Not be a pre-trial inmate. |
|---|---|
| _x_ Not be a contractual boarder. | _x_ Not be an "old law" inmate. |
| _x_ Not have a current crime that is an excluding offense in BOP categorization of offenses policy (Mark an "x" in the appropriate block on the right). | _x_ Not a crime of violence as contained in BOP Categorization of Offenses policy.  _x_ Not an excluding crime by the Director's discretion in Categorization of Offenses policy. |
| _x_ Not have any prior felony or misdemeanor adult conviction for homicide, forcible rape, robbery, aggravated assault, or sexual abuse of children. | |

My current assessment, in consultation with your unit team, is that it ( _x_ **DOES** _____**DOES NOT**) appear that you are provisionally eligible for early release. If not, list **ALL** the reason(s).

Comments:

If applicable, I understand that a determination of early release for me is <u>provisional, may change</u>, and depends on continued positive behavior and successful participation in all components of the program, including community transitional services.

| Inmate's Signature (indicate if refused to sign) *(signature)* | Refused to sign  ___ Yes  ___ No |
|---|---|

cc: Drug Abuse Treatment File; Unit Team (place in section 4 of inmate central file; Inmate

(This form may be replicated via WP)            (This form replaces BP-S761 dtd DEC 03)



Exhibit C

```
                                              P.S. 5330.10
                                       CN-01, May 17, 1996
                                      Attachment B-3, Page 1
```

## AGREEMENT TO PARTICIPATE IN A BOP RESIDENTIAL DRUG ABUSE TREATMENT PROGRAM

The Federal Bureau of Prisons offers a full range of drug education and treatment programs for inmates with alcohol and other drug abuse problems. Bureau of Prisons staff are committed to providing quality drug abuse programming to inmates who choose to participate in any one of these program options. Inmates who choose to participate in any of the Bureau's drug programs must acknowledge and agree to a number of program rules and policies prior to admission.

All program participants agree to participate in classes/counseling/group sessions as designated by the BOP Psychology and Drug Treatment Staff.

All program participants agree to refrain from any behavior disruptive to the program or to the participants and staff of the program.

All program participants agree to complete all tasks as assigned.

All program participants agree to take part in the program activities, including group work and homework as assigned.

All program participants agree to accept responsibility for not disclosing inmate information.

All program participants have been informed and understand that they may be expelled from the program for failure to comply with program rules and regulations. Ordinarily, immediate expulsion will result if the participant, pursuant to an incident report is found by the DHO to have:

1) Used or possessed alcohol or drugs;

2) Been violent or threatened violence against staff or another inmate; or

3) Committed a 100 series prohibited act.

4) Committed a prohibited act involving alcohol or drugs after completing the unit-based segment of the program.

In addition to the agreements listed and checked above, I understand that, by agreeing to participate in residential drug abuse treatment, under ordinary circumstances, I will not be considered for transfer to another institution, including a camp, during my participation in the residential drug abuse program.

I understand that participation in the residential drug abuse program does not relieve me of any financial responsibility legally imposed.

```
                                              P.S. 5330.10
                                          CN-01, May 17, 1996
                                       Attachment B-3, Page 2
```

I understand that some of my counseling sessions may be audio/video taped. I understand these tapes will be used only for rehabilitative or educational purposes within the program. I understand that I will continue to be subjected to random drug abuse testing.

I understand that if I choose to withdraw, or am expelled from the program:

- incentives received while an active program member may be lost;

- any request for re-admission will include a reassessment for participation;

- there will be no consideration for extended CCC placement; and

- I will lose my eligibility for an early release consideration.

I understand and agree to continued transitional drug treatment services that include:

- continued positive behavior and treatment programming upon my return to general population. Failure to participate in continued treatment in the institution transition program, as prescribed by psychology staff, for less than one hour each month over a period of 12 months will result in my termination from treatment and loss of incentives previously and potentially earned;

- continued treatment programming upon my return to the community through transfer to a CCC or on home confinement. Failure to participate in continued treatment in the community transition program may result in my return to the institution, or, at the very least, to local custody; and

I understand that I must be responsible for:

- knowing the rules, goals and schedules of my particular treatment plan;

- * attending all scheduled sessions that are assigned to me. Should I leave prior to the conclusion of the session, without permission, this is to be considered an absence; *

- completing all assignments on time;

- * actively participating in group sessions. Examples of active participation include, appropriate self-disclosure, and providing feedback; *

- working on the goals/objectives of my treatment plan;

```
                                              P.S. 5330.10
                                         CN-01, May 17, 1996
                                      Attachment B-3, Page 3
```

- being attentive during all individual and group sessions;

- keeping all information discussed in group confidential;

- following the Bureau of Prisons rules and regulations. When I incur an incident report because I have failed to follow rules and regulations, I can be expelled from the program.

- _____

- _____

I understand that staff may recommend, as a condition of my supervised release or parole, a stipulation that I receive continued treatment during the period of such release.

\* I understand that if I have been found eligible for an early release under 18 U.S.C. §3621(e), <u>this eligibility is provisional, and may change</u>.

I understand and consent to the release of information specified below by Bureau of Prisons staff to the appropriate U.S. Parole Commission staff, U.S. Probation staff, Community Corrections Staff, and Treatment Program Staff for the purpose of determining my eligibility for a SPA or for developing a treatment plan.

The extent and nature of the information to be disclosed includes: substance abuse history; drug program assessment summary; treatment progress; relapse prevention plan; and recommendations for continued treatment.

**AGREEMENT/SIGNATURE**

**I have read, or have had this document read to me, and I understand and agree to the rules and regulations for participation in the residential drug abuse treatment program as described in this agreement to participate.**

| | |
|---|---|
| HERNAN O. CASTRO | L. WILLIAMS |
| Inmate Name Printed | Staff Name Printed |
| [signature] | [signature] |
| Inmate Signature | Staff Signature |
| 73026-011 | SUBSTANCE ABUSE COUNSELOR |
| Register Number | Staff Title |
| 05/06/05 | 5-6-05 |
| Date | Date |

P.S. 5330.10
May 25, 1995
Attachment B-4, Page 1

# AGREEMENT TO PARTICIPATE IN COMMUNITY TRANSITION PROGRAMMING

The Federal Bureau of Prisons offers a full range of drug education and treatment programs for inmates with alcohol and other drug abuse problems. Bureau of Prisons Staff commit to providing quality drug abuse programming to inmates who choose to participate in any one of these program options. Inmates who choose to participate in any of the Bureau's drug programs must acknowledge and agree to a number of program rules and policies prior to admission.

All program participants agree to participate in classes/counseling/group sessions as designated by the BOP Psychology and Drug Treatment Staff and Community Corrections Staff.

All program participants agree to refrain from any behavior disruptive to the program or to the participants and staff of the program.

All program participants agree to complete all tasks as assigned.

All program participants agree to take part in the program activities, including group work and homework as assigned.

All program participants agree to accept responsibility for not disclosing inmate information.

All program participants have been informed and understand that they may be expelled from the program for failure to comply with program rules and regulations. Immediate expulsion will result if the participant, pursuant to an incident report is found by the DHO to have:

    1) Used or possessed alcohol or drugs;
    2) Been violent or threatened violence against staff or another inmate; or
    3) Committed a 100 series prohibited act.

In addition, to the agreements listed and checked above, I agree to a number of program rules and policies prior to admission into the Community Transition Drug Treatment program.

I agree to participate in individual/group/family/drug and/or alcohol abuse counseling sessions as designated by the Transitional Services Manager.

I agree to refrain from disruptive behavior in the CCC or with other participants and to the treatment program or with participants or staff.

I agree to complete all tasks assigned. I agree to take part in program activities, including group work and special assignments.

I understand that all personal information is kept confidential with the following exceptions:

    a. Program staff may release information when there is a risk of danger to the health

*Exhibit D*

and safety of inmates, staff, or other persons;

P.S. 5330.10<br>May 25, 1995<br>Attachment B-4, Page 2

  b. Program staff may release information when there is a threat to the security or orderly running of the Community Corrections Center;

  c. Program staff may release information to the Regional Transitional Services Manager, Community Corrections Center staff, United States Probation, and/or other parties to whom release of information is deemed appropriate, in accordance with the information to be disclosed listed below.

I understand that expulsion from the program is considered a program failure and may result in my return to an institution.

I understand that expulsion from the program will result in my loss of consideration for a 3621 release.

I understand that withdrawal from the program shall be deemed a program failure and may result in my return to an institution.

I understand and consent to the release of information specified below by Bureau of Prisons staff to the appropriate U.S. Probation staff, Community Corrections staff, and Treatment Program staff for the purpose of developing a treatment plan.

***The extent and nature of the information to be disclosed includes: substance abuse history; drug program assessment summary; treatment progress; relapse prevention plan; recommendations for continued treatment.***

*Agreement/Signature*

*I have read, or have had this document read to me, and I understand and agree to the rules and regulations for participation in the treatment option(s).*

| | |
|---|---|
| CASTRO, H. | T. Hubbert |
| **Inmate Name Printed** | **Staff Name/Printed** |
| [signature] | [signature] |
| **Inmate Signature** | **Staff Signature** |
| 73026-011 | *Drug Treatment Specialist* |
| **Register Number** | **Staff Title** |
| 01/31/07 | 01/31/07 |
| **Date** | **Date** |

BP-S434.073
DEC 98
U.S. DEPARTMENT OF JUSTICE

COMMUNITY BASED PROGRAM AGREEMENT

Case 1:05-cv-05775-PKC Document 40-6 Filed 11/14/2007 Page 13 of 13

FEDERAL BUREAU OF PRISONS

I, Hernan CASTRO, Register Number, 72036-011, hereby authorize employees of the Department of Justice and employees of any facility contracting with the Department of Justice to release any or all of the contents of information in my inmate central file to educational facilities, social agencies, prospective employees, etc., for the purpose of assisting in all phases of community programming and release planning. I also authorize the above persons to advise prospective employers that I am currently in the custody of the U.S. Attorney General serving sentence or under the supervision of the U.S. Parole Commission or U.S. Probation Office. This consent will remain in effect until my release from supervision or until revoked in writing by me. Revocation of this authorization may result in my removal from a community-based correctional program.

I understand that while a resident of a community corrections center or work release program I will be expected to contribute to the cost of my residence through payments to the contractor and I agree to make such payments. I understand that failure to make payments may result in my removal from a community-based program (Not applicable for MINT referrals).

I understand that urinalysis or other Bureau of Prisons authorized testing to detect unauthorized drug or alcohol use may be required as a condition of residence in a community corrections center or work release program, and if required, I agree to submit to such testing. I understand that ingestion of poppy seed products may result in positive test results for unauthorized drug use and is therefore prohibited.

I understand that I am expected to assume financial responsibility for my health care while a resident of a community-based correctional program. Should I be unable or unwilling to bear the cost of necessary medical care I understand that I may be transferred to a suitable institution or facility, at the Governments option, to receive such care. I understand that no medical care may be provided to me at Government expense without prior authorization of the Bureau of Prisons.

I understand that I may be required to cooperate with a substance abuse assessment and participate in any treatment recommended as a result of the assessment.

I understand that I may be required to abide by the conditions of supervision as imposed by the sentencing court or the U.S. Parole Commission, including the payments of fines and restitution and to follow the instructions of the probation officer as if on supervision.

I understand that upon arrival at the community corrections center I may be initially placed in the restrictive Community Corrections Component for a period of orientation. In this component, I will be expected to remain at the CCC unless authorized to leave for employment or other authorized program purposes. Additionally, I understand that social visits and recreational/leisure activities will be confined to the CCC.

I understand that while a resident of a community corrections center or work release program I will be required to abide by the rules and regulations promulgated by such program.

For MINT referrals, I understand that I or the guardian shall assume total financial responsibility for my child's care while I am a resident of a CCC. Should I or the guardian be unable or unwilling to bear my child's financial cost, I will be transferred back to my parent institution immediately. I understand that I understand that no financial support will be provided to my child by the Bureau of Prisons.

PART II

In the event that I am approved for home confinement, I agree to abide by the following conditions related to my legal participation in home confinement.

I understand that my participation in home confinement will be an alternative to placement in a CCC for no more than the last six months or 10% of my sentence, whichever is less. I am aware that I will legally remain in the custody of the Bureau of Prisons and/or the U.S. Attorney General and that failure to remain at the required locations may result in disciplinary action and/or prosecution for escape.

I agree to report to my assigned probation officer or the contractor's facility immediately upon reaching my release destination.

I understand that if I decline to participate in the recommended home confinement program I may face administrative reassignment out of the community corrections program.

I agree that during the home confinement period, I will remain at my place of residence, except for employment, unless I am given permission to do otherwise. I also understand that I will be required to pay the costs of the program based on my ability to pay.

I also agree to maintain a telephone at my place of residence without "call forwarding," a modem, "Caller ID" or portable cordless telephones for this period. I also agree that if my confinement is to be electronically monitored, I will wear any electronic monitoring device required, follow procedures specified and not have "call forwarding" on my telephone.

Inmate's Printed Name and Signature
Hernan CASTRO/  Date 06/21/07

Witness' Printed Name and Signature
J. Johnson/  Date 6-21-07

Record copy - CCM; Copy - CCM; Copy - Central File
(This form may be replicated via WP)

Replaces BP-S434.073 dtd NOV 95

Exhibit E