SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
Assistant United States Attorney

DENNIS M. WONG (CSBN 173951)
Special Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (925)803-4760
FAX: (415) 436-6748
Email: dwong@bop.gov

Attorneys for Federal Respondent

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HERNAN O'RYAN CASTRO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ROBERT E. McFADDEN, Western Regional Director, Federal Bureau of Prisons,<br><br>　　　　Respondent. | No. 07-CV-5775-PJH<br>E-FILING CASE<br><br>DECLARATION OF JENNIFER VICKERS |

Declaration of Jennifer Vickers
*Hernan O'Ryan Castro v. McFadden,* 07-CV-5775-PJH   1

I, Jennifer Vickers, do declare and state the following:

1. I am a Paralegal employed by the Federal Bureau of Prisons (BOP), at the Western Regional Counsel's Office. I have held this position since June of 2007. As part of my duties, I am familiar with the records compiled by the Bureau of Prisons and have access thereto. I am trained and have access to various BOP databases, including those dealing with administrative remedies and tort claims.

2. The Administrative Remedy Procedure is a system by which inmates can complain about almost any aspect of their confinement. The procedure requires that the inmate first present his complaint to the institution staff (BP-9's). If dissatisfied with the response at that level, the inmate may appeal his complaint to the Regional Director (BP-10's). If dissatisfied with the Regional Director's response, the inmate may finally appeal to the General Counsel in the Central Office of the Bureau of Prisons (BP-11's). An inmate has not exhausted his administrative remedies until he has filed his complaint at all three levels and has been denied at all three levels. *See* 28 C.F.R. 542.10 *et seq.*

3. I have personally reviewed the Administrative Remedy logs maintained on the SENTRY Computer system. This is a national database which includes all administrative grievance filings made by inmates incarcerated in Federal Bureau of Prisons facilities from July 1990 to present.

4. Based on my review of the Administrative Remedy logs for those filed by inmate Hernan Castro, Reg. No. 73026-011, I located Administrative Remedy No. 468919 that appeared to be related to his current lawsuit challenging the requirement that he make subsistence payments to the contractor who operates his current Residential Reentry Center. I obtained copies of inmate Castro's filings for Administrative Remedy No. 468919, and they are attached as Exhibits 1 through 4. Based on these Exhibits, inmate Castro has not yet appealed to the final level, and therefore, has not yet exhausted his available administrative remedies.

Declaration of Jennifer Vickers
*Hernan O'Ryan Castro v. McFadden,* 07-CV-5775-PJH   2

1  I declare under the penalty of perjury, pursuant to Title 28, United States Code, Section
2  1746, that the foregoing is true and correct to the best of my information, knowledge and belief.
3  Executed this 13 day of December, 2007, at Dublin, California.

*Jennifer Vickers*
Paralegal

Declaration of Jennifer Vickers
*Hernan O'Ryan Castro v. McFadden*, 07-CV-5775-PJH   3

# Exhibit 1

**Inmate Hernan Castro's Administrative Remedy No. 468919**
**BP-9 - Request To Warden**

U.S. DEPARTMENT OF JUSTICE                                    REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

468919

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __CASTRO, HERNAN O.__           __73026-011__        __F4-23L__       __LVN - FPC__
      LAST NAME, FIRST. MIDDLE INITIAL   REG. NO.           UNIT            INSTITUTION

**Part A- INMATE REQUEST** PURSUANT 18 USC §3622(b)(2) COST OF INCARCERATION FEES (COIF) IS REQUIRED FOR THOSE ASSIGNED TO COMMUNITY EMPLOYMENT PROGRAMS, SUCH AS CCC. THAT SECTION GIVES DISCRETION TO THE BOP IN THE IMPOSITION OF COIF WHENEVER IT FINDS THEM 'APPROPRIATE.' UNDER 28 CFR §§0.96/0.96c/0.97, THE BUREAU HAS BEEN MANDATORILY DELEGATED THE AUTHORITY TO MAKE DECISIONS ABOUT THE IMPOSITION AND COLLECTION OF COIF. UNDER 28 CFR PART 505, THE BUREAU DISCHARGED ITS AUTHORITY TO REGULATE IN THAT REGARD. §505.3 DIRECTS THE BUREAU TO EXEMPT FROM COIF INMATES THAT BEGAN SERVING THEIR SENTENCES BEFORE JAN. 1, 1995 OR THOSE FOR WHOM A FINE WAS IMPOSED/EXPRESSLY WAVED I AM UNDER EITHER EXEMPTION. ALTHOUGH CCC PLACEMENT IS A PRIVILEGE AND I MAY REFUSE IT, UPON PROVISIONAL ELIGIBILITY FOR THE 18 USC §3621(e)(2)(B) EARLY RELEASE, I AGREED TO COMPLETE CCC PLACEMENT TO QUALIFY FOR THE SENTENCE REDUCTION. SIX MONTHS AFTER NOTICE OF THE CONDITIONS FOR THE 3621(e)(2)(B) SENTENCE REDUCTION, I WAS INFORMED THAT I WOULD ALSO BE REQUIRED TO PAY COIF AS CONDITION TO MY CCC PLACEMENT. NOTICE PRINCIPLES UNDER THE DUE PROCESS CLAUSE AND CONTRACT LAW PREVENT SUCH CHANGE WITHOUT TIMELY NOTICE. BECAUSE IMPOSITION OF COIF IN MY CASE VIOLATES BOTH THE CONSTITUTION AND CONTRACT LAW, I REQUEST THAT I BE EXEMPT FROM COIF, THAT THE CCC BE SO INFORMED, AND THAT THE COMMUNITY BASE PROGRAM AGREEMENT BE REFORMED BY EXCISING THE ILLEGAL/UNCONSTITUTIONAL CLAUSE. THANK YOU VERY MUCH.

__OCTOBER 2, 2007__                                         _____/s/ Hernan O. Castro_____
       DATE                                                     SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED
2007 OCT 15 PM 3:34
WARDEN'S OFFICE
USP LEAVENWORTH

See Attached

_____                                      _____
       DATE                                                  WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE                               CASE NUMBER: __468919-F1__

                                                            CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

_____   ⊕    _____
        DATE                  RECIPIENT'S SIGNATURE (STAFF MEMBER)

# Exhibit 2

**Inmate Hernan Castro's Administrative Remedy No. 468919**
**BP-9 Response from Warden**

**BP-229 RESPONSE**                                       **CASE NUMBER: 468919-F1**

**NAME:**      CASTRO, Hernan O.
**REG. NO:**   73026-011
**QUARTERS:**  F04-033U

Your Request for Administrative Remedy (BP-229), dated October 2, 2007, and received in this office on October 5, 2007, has been reviewed. Specifically, you state you are exempt from the "CCC fee," as you had paid your fine associated with your sentence.

A review of the issue(s) raised in your BP-229 has been conducted. The review revealed that when you agreed to participate in the Residential Drug Abuse Treatment Program (RDAP), you were notified of these requirements. You cite to federal regulations related to certain exemptions related to the Cost of Incarceration, and request the Bureau of Prisons (BOP) to follow these regulations. You seek a response indicating you are exempt from the "CCC fee," that BOP notify your half-way house of such exemption, and the BOP reforms the half-way house agreements to remove the allegedly illegal provisions related to the "CCC fee."

The BOP designates inmates to community confinement, or a Residential Re-entry Center (RRC), during the last portion of the inmate's federal sentence in order to afford the inmate a reasonable opportunity to adjust to and prepare for re-entry into the community. Inmates participating in RDAP, to ensure they can effectively transition back into the community must complete six (6) months in an RRC. The participation in RDAP is purely voluntary, including the RRC portion of the program.

You correctly contend certain inmates are exempt from paying a Cost of Incarceration Fee while incarcerated in a federal facility. However, amount of money assessed for you to pay for subsistence during your participation in a RRC setting, which is not a secured facility, is unrelated to these fees. You are not currently being assessed any amounts for subsistence. Moreover, when you are housed at an RRC, upon a written request, your assessed subsistence amounts may be lowered or waived, depending upon your circumstances and resources.

Accordingly, your <u>Request for Administrative Remedy</u> is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(10) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex, Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____                                    __11/5/07__
C. Chester                                                      Date

# Exhibit 3

**Inmate Hernan Castro's Administrative Remedy No. 468919**
**BP-10 Appeal - To Regional Director**

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: CASTRO, HERNAN O.    73026-011    F4-23L    LVN - FPC
   LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**  IN HIS RESPONSE TO MY BP-229, THE WARDEN GIVES THREE REASONS FOR THE DENIAL: (1) I WAS NOTIFIED OF THE PAYMENT-REQUIREMENT WHEN ENROLLING IN THE RDAP; (2) PARTICIPATION IN CCC IS VOLUNTARY; AND (3) SUBSISTENCE PAYMENTS ARE NOT COSTS OF INCARCERATION.  MY CLAIM RELATES TO THE CHARGE OF 'SUBSISTENCE' COSTS WHILE AT THE CCC.  THE BUREAU DERIVES THE AUTHORITY TO COLLECT SUCH COSTS EITHER FROM 18 USC §§4001, NOTE, OR 3622(c)(2).  SECTION 4001 EXPRESSLY EXEMPTS FROM SUCH COSTS PRISONERS "WITH RESPECT TO WHOM A FINE WAS IMPOSED OR WAIVED."  18 USC §4001, NOTE, ¶(4).  A FINE WAS EXPRESSLY WAIVED IN MY CASE, THUS, §4001 IS INAPPLICABLE.  28 CFR, PART 505, APPLIES TO 18 USC §3622.  §505.3 EXEMPTS, IN ADDITION TO THOSE EXEMPTED BY §4001, PRISONERS WHO BEGAN SERVING THEIR SENTENCES BEFORE 01/01/95.  I BEGAN SERVING MY SENTENCE ON 07/10/92, THUS I AM EXEMPTED FROM PAYMENTS UNDER §3622(c)(2).  ADDRESSING THE WARDEN'S RESPONSE, (1) I WAS NOT NOTIFIED OF THE PAYMENT-REQUIREMENT UNTIL 5½ MONTHS AFTER I BEGAN RDAP; (2) PARTICIPATION IN CCC IS MANDATORY FOR THOSE ENROLLED IN RDAP; AND (3) WHATEVER IS CALLED, A CHARGE TO COVER COSTS RELATED TO MY INCARCERATION, IS COSTS OF INCARCERATION.  THE WARDEN ERRED IN DENYING THE RELIEF SOUGHT.  I REQUEST THAT I BE EXEMPTED FROM 'SUBSISTENCE' PAYMENTS, THAT THE CCC CONTRATOR BE INFORMED OF THIS EXEMPTION, AND THAT I BE REIMBURSED ALL PAYMENTS MADE FOR SUCH COSTS TO THE CONTRACT.

NOVEMBER 6, 2007
   DATE                                                       SIGNATURE OF REQUESTER

**Part B—RESPONSE**




   DATE                                                       REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                                 CASE NUMBER: 468919-R1

**Part C—RECEIPT**
                                                           CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

# Exhibit 4

**Inmate Hernan Castro's Administrative Remedy No. 468919**
**BP-10 Response from Regional Director**

| U.S. Department of Justice | |
|---|---|
| Federal Bureau of Prisons | Regional Administrative Remedy Appeal |
| North Central Regional Office | Part B - Response |

**Admin Remedy Number:** 468919-R1

This is in response to your Regional Administrative Remedy Appeal dated November 6, 2007, in which you request to be exempt from subsistence payments while in the Residential Re-entry Center (RRC).

We have reviewed your appeal and the Warden's response dated November 5, 2007. Program Statement 7310.04, <u>Community Corrections Center (CCC) Utilization and Transfer Procedures</u> indicates that during their stay, inmates are required to pay a subsistence charge to help defray the cost of their confinement; this charge is 25% of their gross income, not to exceed the average daily cost of their RRC placement.

Contractors must collect the full subsistence due and partial weeks of residence are prorated. Contractors shall also reduce the monthly billing to the Bureau by the amount collected in subsistence. An inmate who fails to pay subsistence may have privileges withheld or disciplinary action may be taken, including termination from the program. Lastly, as indicated in the Warden's response your assessed subsistence amounts may be lowered or waived, depending on your circumstances and resources.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

12/7/07
Date

For Charles A. Pratt
Michael K. Nalley, Regional Director