Hernan O. Castro
111 Taylor Street
San Francisco, CA 94102

In Pro Se

FILED
JAN 25 PM 3:27

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| HERNAN O'RYAN CASTRO, | C 07 5775 PJH (PR) |
| Petitioner, | |
| v. | PETITIONER'S TRAVERSE TO RESPONDENT'S ANSWER AND OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS |
| ROBERT E. McFADDEN, Western Regional Director, Federal Bureau of Prisons, | |
| Respondent. | |

   COMES NOW Petitioner, Hernan O'Ryan Castro (Castro), in pro se, currently in the custody of the Federal Bureau of Prisons, and hereby respectfully files his traverse to the Respondent's answer and opposition to Petition for Writ of Habeas Corpus by a Federal Prisoner, 28 U.S.C. § 2241.

///

///

1

## ARGUMENT

The Respondent, in his answer and opposition, presents several arguments in opposition to Castro's Petition for Writ of Habeas Corpus. These arguments can be grouped into two categories, (i) that Castro has failed to fully exhaust the available administrative remedies, and (ii) that Castro has misunderstood the relevant statutes and regulations.

## CASTRO'S FAILURE TO EXHAUST

The Respondent's initial argument is that Castro has failed to fully exhaust the available administrative remedies. Answer and Opposition at 2, 7-8. In response to this argument, Castro concedes that he has not completed the available administrative remedies.

Under the Federal Bureau of Prisons' (BOP) regulatory scheme, there are three levels of administrative remedies. 28 C.F.R. § 542.14/15. At the time Castro filed his section 2241 petition he had completed the first level. Currently, Castro is awaiting response to his final, national appeal, due on or about February 21, 2008.

The Respondent asserts that the only remedy to Castro's failure to exhaust is dismissal. Answer and Opposition at 7-8. The Respondent argues that the Prison Litigation Reform Act of 1996 (PLRA), specifically, Title 42 U.S.C. § 1997e(a), mandates such result. Answer and Opposition at 7-8. Section 1997e(a) provides that "[n]o action shall be brought with respect to

1  prison conditions under section 1983 of this title, or any other
2  Federal Law, by a prisoner confined in any jail, or other
3  correctional facility until such administrative remedies as are
   available are exhausted." However, application of this
4  requirement to habeas corpus is not appropriate and has been
5  rejected by the overwhelming majority of courts that have
6  reviewed the issue.  See *McIntosh v. U. S. Parole Commission*,
7  115 F.3d 809, 812 (10th Cir. 1997) (section 1997e(a) not
   applicable as habeas corpus is not a civil action); *Davis v.*
8  *Fechtel*, 150 F.3d 486, 490 (3rd Cir. 1998) (same); *Blair-Bey v.*
9  *Quick*, 151 F.3d 1036, 1039-40 (D.C. Cir. 1998) (same); *Fazzani*
10 *v. Northeast Correctional Center*, 473 F.3d 229, 235-36 (6th Cir.
11 2006) (PLRA not applicable); *Carmona v. U.S. Bureau of Prisons*,
12 243 F.3d 629, 634 (2nd Cir. 2001) (same); *Walker v. O'Brien*, 216
   F.3d 626, 633-34 (7th Cir. 2000) (same); *Grier v. Hood*, 46
13 Fed.Appx. 433 (9th Cir. 2002) (same). [1]
14     The exhaustion requirement under habeas corpus is a
15 judicial creature, thus it is not jurisdictional. *Arango-*
16 *Marquez v. INS*, 346 F.3d 892, 896 (9th Cir. 2003).
17 Nevertheless, the Ninth Circuit requires "as a prudential
   matter, that habeas petitioners exhaust available . . .
18 administrative remedies before seeking relief under §2241."
19 *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001)
20 (citations omitted); *Huang v. Ashcroft*, 390 F.3d 1118 (9th Cir.
21 2004). As the requirement is not jurisdictional, it may be
22

---

23 [1] Also, section 1997e(a) is not applicable as Castro is not challenging the 'conditions' of his incarceration, but rather the 'execution of
24 his sentence.' See *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243 (3rd Cir. 2005) ("[t]he criteria for determining [halfway
25 house] placement are instructional in determining how a sentence will be 'executed.'")

3

waived under limited circumstances. *Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004). One such circumstance is where exhaustion would be futile. *Laing, supra,* 370 F.3d at 1000-01; *Fraley v. U. S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993); *Arrington v. Daniels*, 465 F.Supp.2d 1104, 1107 (D.Or. 2006); *United States v. Paige*, 369 F.Supp.2d 1257 (D.Mont. 2005).

Here, the BOP is confronted with a very serious problem. For several years the BOP has collected subsistence payments from thousands of prisoners designated to serve a portion of their sentences in a RRC. If Castro's claim proves correct, many of them should have been exempted from making such payments. Also, the BOP has enacted a series of regulations, Part 505 of 28 C.F.R., and several policy statements (such as P.S. 7300.09 - Community Correctional Manual - and P.S. 7310.04 - Community Correctional Center (CCC) Utilization and Transfer Procedure) to implement the collection of subsistence pay. These facts point to the impossibility of a remedy under the administrative remedies procedure enacted by the Bureau. Here, the action challenged is so entrenched and costly to correct that exhaustion would have been an act of futility. *Fraley, supra*, 1 F.3d at 925.

Even if, arguendo, were Castro unable to prove futility, dismissal is not the only remedy available. This Court may stay the petition until Castro completes the administrative remedies (in a few weeks), rather than dismiss the petition with the consequential waste of judicial resources.

///
///

## SECTION 3622 CLEARLY CONTROLS

The Respondent argues that Castro is confused in the application of section 3622 of Title 18, U.S.C. Answer and Opposition at 9-10. The Respondent asserts that section 3622 applies to the BOP's Cost of Incarceration Fee, not to subsistence payments, Answer and Opposition at 4, and that it is from section 4001(b)(1) of Title 18, U.S.C. that the BOP derives its authority to collect the latter. Answer and Opposition at 9.

Section 4001(b)(1) grants the Attorney General the authority to promulgate regulations to provide "proper government, discipline, treatment, care, rehabilitation, and reformation" of federal prisoners. Ibid. The Respondent asserts that subsistence payments "promote financial responsibility," thus the program furthers the congressional mandate of section 4001(b)(1). Answer and Opposition at 9.

The Respondent's argument ignores the explicit language of section 3622. That section, entitled "Temporary released of a prisoner," expressly mandates that a prisoner *temporarily released* from his place of imprisonment to participate in paid employment in the community must agree "to pay to the Bureau such costs incident to [his] official detention." 18 U.S.C. §3622(c)(2). This assessment is distinct from the cost of incarceration fee assessed by the Bureau under the mandate of section 4001, Note, which applies to "*any* person convicted in a United States District Court and committed to the Attorney General's custody." 18 U.S.C. §4001, Note, subsection (1). Prisoners confined at halfway houses are authorized to

temporarily leave the place of imprisonment to participate in paid employment in the community. [2] Undoubtedly, section 3622, not section 4001(b)(1), mandates the assessment and collection of 'subsistence payments' from federal prisoners housed at RRCs. [3]

Finally, the Respondent does not contest that 28 C.F.R., Part 505, applies to section 3622. Even if the Respondent did, it would be a very difficult task for the Respondent, as Part 505 lists section 3622 as authority. [4] Section 505.3 expressly exempts from the assessment and collection of costs incident to incarceration those prisoners, such as Castro, "who began service of sentence before January 1, 1995." 28 C.F.R. §505.3. [5]

---

[2] Even if, arguendo, were section 4001(b)(1) applicable, section 3622 would control under the principle that the specific controls the general, where section 3622 speaks specifically to the situation at hand, where section 4001(b)(1) does not. See *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 907, 55 L.Ed.2d 70 (1978) (applying the "principle that gives precedence to the terms of a more specific statute where a general statute and a specific statute speak to the same concern, even if the general provision was enacted later.")

[3] This does not mean that federal prisoner confined at RRCs may not also fall under the mandate of section 4001, Note, in which case the fee assessed under 4001, Note (COIF) is collected first, and subsistence payments, under section 3622(c)(2) are collected only for the difference between COIF and the calculated subsistence payment, if any, where the latter is greater. See P.S. 5380.06, Cost of Incarceration Fee, p. 11, ¶e.

[4] Castro has only found two cases addressing situations similar to the one at hand. *Gleave v. Graham*, 954 F.Supp. 599 (N.D.N.Y. 1997) and *United States v. Gonzalez*, 1993 U.S. Dist. LEXIS 12599, 1993 WL 362410 (S.D.N.Y. 1993). However, neither case is fully on point. *Gleave* comes closer to the mark, but at the time *Gleave* was decided, 1997, Part 505's exemption to the mandate of section 3622(c)(2) was materially different from those enacted in 1999 and currently in force. See 64 Fed.Reg. 43881.

[5] Additionally, section 505.3 exempts those prisoners "who have had a fine either imposed or waived by the United States District Court." Ibid. Castro qualifies under both exemptions.

6

## CONCLUSION

    Although Castro has failed to fully exhaust the available administrative remedies, his failure to do so may be excused because of the futility to pursue them. Alternatively, this Court may stay the petition while the Bureau responds to Castro's final, national appeal, due in a few weeks.

    On the merits of Castro's claim, Castro has made the required showing that the Respondent must exempt him, under section 505.3 of Title 28 C.F.R., from the assessment and collection of 'subsistence payments.'

    WHEREFORE, Castro prays that this Court will excuse his failure to exhaust, or, alternatively, will stay his petition until the Bureau responds to his national administrative appeal; will find that Castro is exempt from the assessment and collection of subsistence payments; will order the Respondent to exempt Castro from making subsistence payments; and will order the Respondent to inform the RRC's contractor to stop any efforts to collect such payments from Castro.

    Respectfully submitted,

Date: January 24, 2008

_____
Hernan O'Ryan Castro
In Pro Se

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have mailed a copy of the above document to Mr. Dennis M. Wong, Esq., Special Assistant U. S. Attorney, U.S. Attorney's Office, 450 Golden Gate Avenue, Box 36055, San Francisco, CA 94102-3495.

Mailed and executed this 24th day of January of 2008.

_____
Hernan O'Ryan Castro