UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERNAN O'RYAN CASTRO,<br><br>        Petitioner,<br><br>vs.<br><br>ROBERT E. McFADDEN, Warden,<br><br>        Respondent. | No. C 07-5775 PJH (PR)<br><br>**ORDER DENYING PETITIONER'S MOTIONS FOR COUNSEL AND EXPEDITED CONSIDERATION, GRANTING HIS MOTION FOR EXTENSION OF TIME, AND ORDERING HIM TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS MOOT** |

This is a habeas case filed pro se by a federal prisoner. At the time he filed it he was living at a half-way house in San Francisco. In the petition he challenged a requirement that he pay part of the cost of his housing, contending that under the terms of applicable statutes and regulations the requirement does not apply to him. He alleged that he was forced to sign an agreement to pay part of the costs on pain of not being allowed to participate in the program, something which would cause him to be returned to prison and which would affect the length of his incarceration. The court issued an order to show cause.

Respondent filed an answer and petitioner a traverse. Petitioner then filed a motion for expedited consideration of his case, saying that he expected to be released on May 9, 2008, and that his release would moot the case because the limited relief available in this habeas case – presumably an order that petitioner be allowed rescind his agreement to the payments and that the recision not affect the length of his sentence – would no longer be relevant. Seven days after the motion for expedited consideration was filed petitioner filed a notice of change of address in which he says that he has been moved to "home confinement." Petitioner will be ordered to show cause why this case should not be

dismissed as moot.

Petitioner also has moved for appointment of counsel. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

Petitioner has presented his claims adequately in the petition and in his motions, and they are not particularly complex. The interests of justice do not require appointment of counsel.

## CONCLUSION

Petitioner's motion for an extension of time to file his traverse (document number 8 on the docket) is **GRANTED**. The traverse is deemed timely.

Petitioner's motion for appointment of counsel (document 6) is **DENIED** and his motion for expedited consideration (document number 11) is **DENIED** as moot.

Plaintiff shall show cause within fourteen days of the date this order is entered why the case should not be dismissed as moot.

**IT IS SO ORDERED.**

Dated: August 25, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\CASTRO5775.OSC-MOOT.wpd

2